# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JEANNIE DUTRAFEREA,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:17-cv-01729-RFB-BNW

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Jeannie Dutraferea's Motion for Reversal and Remand, ECF No. 20, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 23.

For the reasons discussed below, the Court finds that the ALJ's opinion is not supported by substantial evidence and contains legal error that is not harmless. The Court finds that the credit-as-true rule applies to support a finding of disability. Therefore, the Court grants Plaintiff's motion and remands to Defendant for an award of benefits.

## II. BACKGROUND

On March 17, 2013, Plaintiff completed an application for disability insurance benefits alleging disability since June 14, 2012. AR 18. Plaintiff was denied initially on July 29, 2013 and upon administrative reconsideration on January 16, 2014. AR 18. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on January 4, 2016. AR 18. In an opinion dated January 14, 2016, ALJ Norman L. Bennett found Plaintiff not disabled. AR 18–26.

/ / /

The Appeals Council denied Plaintiff's request for review on April 24, 2017, rendering the ALJ's decision final. AR 1–4.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity from her alleged onset date of June 14, 2012 through her date last insured of December 31, 2015. AR 20. At step two, the ALJ found that Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, and status post breast cancer, treated and resolved, with residual pain. AR 20. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 20–23.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to short, superficial contact with supervisors, co-workers, and the general public, and limited to simple, repetitive tasks. AR 23–25. Based on this RFC, the ALJ found at step four that Plaintiff is capable of performing her past relevant work as a flagger. AR 25.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter,

504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When reviewing the assignment of weight and resolution conflicts in medical testimony, the 9th Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id. If a treating physician's opinion or ultimate conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing' reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. A treating physician's opinion is still owed deference if contradicted and is often "entitled to the greatest weight . . . even when it does not meet the test for controlling weight." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). Because a treating physician has the greatest opportunity to observe and know the claimant as an individual, the ALJ should rely on the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). However, the ALJ may reject conclusory opinions in the form of a checklist containing no explanations for the conclusions. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

When a treating physician's opinion is not assigned controlling weight, the ALJ considers specific factors in determining the appropriate weight to assign the opinion. Orn, 495 F.3d at 631. The factors include the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the amount and quality of evidence supporting the medical opinion; the medical opinion's consistency with the record as a whole; the specialty of the

physician providing the opinion; and, other factors which support or contradict the opinion. Id.; 10 C.F.R § 404.1527(c). The ALJ must provide a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings" rather than state mere conclusions for dismissing the opinion of a treating physician. Reddick, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ errs when he fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012–13.

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four.

**IV. DISCUSSION**

**A. Weighing of Dr. Hood-Jackson's Opinion**

Plaintiff argues that the ALJ erred in his weighing of the medical opinion evidence in this case. The ALJ gave little to no weight to the opinion of every treating and examining physician in the record and instead gave great weight to the opinions of the non-examining disability determination services medical consultants. AR 22, 25. The Court focuses on Plaintiff's argument that the ALJ mis-weighed the opinion of Susan Hood-Jackson, Ph.D, as the Court finds this issue to be dispositive.

Dr. Hood-Jackson is Plaintiff's treating psychiatrist. She completed a Psychosocial Evaluation and Mental Status Evaluation of Plaintiff on September 7, 2013. AR 380–85. She treated Plaintiff at twenty-four different visits between September 13, 2013 and October 28, 2014. AR 386–99. She completed a Mental Impairment Questionnaire on September 17, 2014. AR 435–38.

///

Because Dr. Hood-Jackson is Plaintiff's treating psychiatrist, as a general rule, her opinion was entitled to more weight than the opinions of the disability determination services medical consultant. Lester, 81 F.3d at 830. However, even where a non-treating and non-examining doctor's opinion contradicts the opinion of a treating doctor, the treating doctor's opinion cannot be rejected absent "'specific and legitimate reasons' supported by substantial evidence in the record." Id. (quoting Murray, 722 F.2d at 502).

The ALJ entirely "rejected" Dr. Hood-Jackson's opinion, finding it "not persuasive." AR 22. The ALJ provided several reasons for rejecting the opinion. First, he stated that "the medical evidence of record did not support any periods of decompensation of an extended period." AR 22. He stated that Dr. Hood-Jackson's opinion "was conclusory, providing no explanation of the evidence relied upon in providing that opinion." AR 22. Next, he opined that "[t]he medical evidence failed to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled and the doctor did not specifically address these limitations anywhere on the record." AR 22. Lastly, he concluded that "Dr. Hood-Jackson's opinion appeared to contain inconsistencies with the claimant's treatment." AR 22. The Court addresses each of the ALJ's reasons in turn and finds that none satisfy the "specific and legitimate" standard.

### a. Periods of Decompensation

The ALJ found that Dr. Hood-Jackson's observations of periods of decompensation was not supported by the medical evidence of record. In her September 17, 2014 Mental Impairment Questionnaire, Dr. Hood-Jackson opined that Plaintiff had experienced four or more episodes of decompensation within 12 months, each of at least two weeks in duration. AR 437. In support of her opinion, she explained that Plaintiff's "symptoms have been ongoing without periods of much improvement for more than 2 years." AR 437.

An episode of decompensation is "an exacerbation in signs and symptoms of sufficient duration and intensity which would ordinarily require increased treatment and/or a less stressful situation." POMS DI 22511.005(D). Such episodes "may be demonstrated by significant alterations in medication or the need for a more structured psychological support system." Id. "In

circumstances in which the individual has more frequent but less marked (in terms of duration and effect) episodes of decompensation or deterioration, medical judgment must be used to determine if the duration and effect are equivalent to that described above." Id.

The medical evidence of record shows that Plaintiff sought and received approximately weekly treatment for her severe depression by Dr. Hood-Jackson from September 13, 2013 to December 11, 2013 and again from May 13, 2014 to October 28, 2014. AR 380–99. Treatment notes from this period document ongoing severe symptoms of depression, social isolation, feelings of hopelessness, and uncontrollable crying spells. AR 380–99. The five-month gap in treatment was due not to any improvement in Plaintiff's symptoms but to a gap in insurance coverage. AR 391. When Plaintiff returned on May 13, 2014, she continued to report, and receive treatment for, equally severe symptoms of depression. AR 391–99. These notes support Dr. Hood-Jackson's conclusion that Plaintiff has had depression symptoms of significant duration and intensity such that, in her medical judgment, Plaintiff's symptoms were equivalent to four of more episodes of decompensation in the 12 months prior to her September 17, 2014 report.

The ALJ failed to explain why or how the medical evidence did not support Dr. Hood-Jackson's observations of periods of decompensation from her year-long regular treatment of Plaintiff, particularly given Dr. Hood-Jackson's accompanying explanation characterizing the relentless severity of Plaintiff's depression over time. The ALJ did not give a specific or legitimate reason for discounting Plaintiff's treating psychiatrist's medical judgment that Plaintiff suffered from symptoms consistent with four or more periods of decompensation in 12 months.

### b. Conclusory Opinion

The ALJ characterized Dr. Hood-Jackson's opinion as "conclusory" and lacking explanations of evidence relied upon. AR 22. An ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009); accord Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982 (upholding the rejection of a medical opinion that was "conclusory and without clinical support"); accord Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (upholding the rejection of a medical opinion that was

"conclusory and unsubstantiated by relevant medical documentation"). In other words, "an ALJ may reject the conclusory opinion of a treating physician *if* the opinion is unsupported by clinical findings." Sainz v. Barnhart, 32 F. App'x 394 (9th Cir. 2002) (unpublished) (emphasis added) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

The relevant inquiry is not whether Dr. Hood-Jackson provided a thorough explanation of each piece of evidence she relied upon within the confines of the four-page Mental Impairment Questionnaire, but whether the substantial evidence in the accompanying treatment notes supports her conclusions. The Court finds that it does. Dr. Hood-Jackson opined that Plaintiff has marked restrictions in activities of daily living, extreme difficulties in managing social functioning, and marked deficiencies of concentration, persistence, or pace. AR 437. These opinions are supported by the record of Dr. Hood-Jackson's treatment notes that span the year before she documented her medical opinion. First, marked restrictions in activities of daily living are supported by Dr. Hood-Jackson's repeated notes that Plaintiff continuously experienced daily sadness and a lack of energy and motivation. AR 389–95, 397–99. Similarly, extreme difficulties in managing social functioning are supported by Dr. Hood-Jackson's ongoing record of Plaintiff's isolation, trust issues, and need for coping mechanisms to engage in socialization. AR 386–90, 393–98. Lastly, Plaintiff's marked deficiencies of concentration, persistence, or pace are supported by Plaintiff's below-average performance on three cognitive assessment exams, AR 435, 437, as well as Dr. Hood-Jackson's mental status exam note that Plaintiff has inattentive concentration, AR 384, her note that Plaintiff cannot concentrate and feels groggy, AR 396, and her note that Plaintiff is unable to deal with even minor stressors, AR 398.

The ALJ's statement that Dr. Hood-Jackson's opinion was conclusory was therefore not a legitimate reason for discounting her opinion, as the substantial evidence provides detailed and longitudinal support for Dr. Hood-Jackson's conclusions.

### c. Significant Clinical and Laboratory Abnormalities

The ALJ discounted Dr. Hood-Jackson's opinion in part because "[t]he medical evidence failed to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled and the doctor did not specifically address these limitations

anywhere on the record." AR 22. The Court finds that this reason is neither specific nor legitimate. First, the reason is not specific; the ALJ fails to explain what clinical and laboratory abnormalities one would expect if Plaintiff were in fact disabled by her depression. Second, the reason is not legitimate, as it appears to be based in a misunderstanding of the nature of depression. "[D]epression is a complex and highly idiosyncratic phenomenon that often waxes and wanes, eluding neat description." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 605 (9th Cir. 1999). It is not the type of disorder that can be diagnosed by a laboratory test. Moreover, a claimant is not required to prove disability "by objective laboratory findings"; a claimant may instead prove disability by "medically-acceptable clinical diagnoses" backed by "competent psychiatric evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). The ALJ erred in requiring an unidentified and different type of medical evidence for Plaintiff to prove the severity of her depression.

d. Inconsistences

The ALJ lastly concluded that Dr. Hood-Jackson's opinion contained "inconsistencies" with Plaintiff's treatment. This reason is far from specific, as the ALJ did not identify what the "inconsistencies" are. The Court's review of the record reveals no apparent inconsistencies. Dr. Hood-Jackson's opinion is consistent with a severity of depression that would require the regimen of weekly treatment and antidepressant medication that Plaintiff received. Therefore, the Court finds that this reason is also not legitimate.

**B. Remand for Benefits**

The Ninth Circuit has established that where no outstanding issues need be resolved, and where the ALJ would be required to award benefits on the basis of the record if the improperly discredited evidence were credited as true, the Court will remand for an award of benefits. See Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988). The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence,

> whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020 (9th Cir. 2014).

The Court finds that the record has been fully developed and further administrative proceedings would serve no useful purpose. The Court further finds that, for the reasons stated earlier in this order, the ALJ has failed to provide sufficient reasons for rejecting the opinion of treating psychiatrist Dr. Hood-Jackson. Lastly, the Court finds that if the improperly discredited evidence were credited as true, Plaintiff would be necessarily found disabled on remand. If credited, Dr. Hood-Jackson's opinion requires a finding at Step 3 that Plaintiff satisfies the then-applicable version of listing 12.04. The record documents anhedonia (AR 436), decreased energy (AR 386), difficulty concentrating (AR 396), and thoughts of suicide (AR 394), satisfying Part A, as well as at least marked restrictions in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace, satisfying Part B. 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (effective August 12, 2015 to May 23, 2016).

Moreover, though Dr. Hood-Jackson's records only span from 2013 to 2014, the substantial evidence both pre- and post-dating her treatment records are entirely consistent with her opinion. Plaintiff was diagnosed with depression and treated with antidepressants throughout 2012 and 2013. AR 325, 317, 323, 319. Following Dr. Hood-Jackson's treatment, Plaintiff was involuntarily admitted to Seven Hills Behavioral Institute in January 2015, AR 506–21, and to Mountain View Hospital in February 2015, AR 533–66. On May 12, 2015, she was brought by ambulance to St. Rose Dominican Hospital for emergency treatment following a suicide attempt. AR 440, 446. Plaintiff's disabling depression is well-documented throughout the claimed period of disability and supported by substantial evidence.

The Court therefore finds that, when Dr. Hood-Jackson's improperly rejected opinion is credited as true, Dr. Hood-Jackon's opinion and the overall substantial evidence direct a finding of disability.

///

///

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Motion for Reversal and Remand (ECF No. 20) is GRANTED and Defendant's Cross-Motion to Affirm (ECF No. 23) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED**: <u>August 20, 2019</u>.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**