UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JEANNIE DUTRAFEREA,

    Plaintiff,

    v.

ANDREW SAUL,
Commissioner of Social Security,

    Defendants.

Case No. 2:17-cv-01729-RFB-BNW

ORDER

Before the Court is Plaintiff Jeannie Dutraferea's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). ECF Nos. 32, 35.

## I. BACKGROUND

Plaintiff Dutraferea challenged Defendant's final decision denying her application for social security benefits. ECF No. 20. On February 15, 2018, the Court found in favor of Plaintiff Dutraferea and ordered the matter to be remanded to the Administration for award and calculation of benefits. ECF No. 27.

Plaintiff Dutraferea now moves for attorney fees under 28 U.S.C. § 2412—the EAJA—and under 42 U.S.C. § 406(b) of the Social Security Act. ECF Nos. 32,35. Specifically, Plaintiff Dutraferea seeks $5,080.72 under the EAJA and $14,161.00 under 42 U.S.C. § 406(b) for attorney in fees and expenses payable to Plaintiff. The Commissioner does not oppose either motion for attorney fees.

## II. DISCUSSION

The EAJA provides that a prevailing party other than the United States should be awarded attorney's fees and other expenses that party incurs in any civil action by or against the United

States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A district court's award of EAJA attorney fees must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir.2001). In assessing reasonableness, courts examine the number of hours reasonably expended on the case, the reasonable hourly rate, and the level of success achieved by the plaintiff. Id. at 1145, 1147 (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 435 (1983)).

The Court finds that the requested fees under the EAJA are reasonable. This matter consists of a 598-page record, which analyzes medical impairments, medical assessments, and decisions of law by administrative law judges and the Commissioner. The Court therefore awards the requested $5,080.72 requested under the EAJA.

Plaintiff Dutraferea's counsel seeks attorney fees under 42 U.S.C. § 406(b) based on the contingency-fee agreement between Plaintiff Dutraferea and her counsel. Counsel requests $14,161.00, which is 16% of the past-due benefits awarded as a result of Dutraferea's successful challenge to the Commissioner's decision. Under § 406(b), the Court may award a fee of up to 25% of the past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A)(ii)(I). The fee must be reasonable. Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009); see also Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The Court finds the contingency fee reasonable under Gisbrecht based on the contingency nature of the representation, the time spent on the matter, and the result obtained by counsel.

/
/
/
/
/
/
/
/
/
/

### III. CONCLUSION

**IT IS ORDERED** that is Plaintiff Jeannie Dutraferea's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (ECF No. 32) is GRANTED. The Court awards $5,080.72 in attorney fees and costs under the EAJA to Plaintiff Dutraferea, which shall be made payable to her.

**IT IS FURTHER ORDERED** that Plaintiff Jeannie Dutraferea's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 35) is GRANTED. The Court awards $14,161.00 in attorney fees and costs pursuant to 42 U.S.C. § 406(b) . The fees shall be made payable to Plaintiff Dutraferea.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (ECF No. 31) is DENIED as moot.

DATED June 2, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**